IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 4:25CR3071 |
| Plaintiff, | |
| vs. | JOINT MOTION FOR INTERLOCUTORY SALE OF SUBJECT PROPERTY |
| KETANKUMAR CHAUDHARI a/k/a KEN, RASHMI SAMANI a/k/a FALGUNI SAMANI, AMIT P. CHAUDHARI, AMIT B. CHAUDHARI a/k/a MATT, and MAHESHKUMAR CHAUDHARI a/k/a MAHESH, | |
| Defendants. | |

COMES NOW the Plaintiff, United States of America, Ketankumar Chaudhari a/k/a Ken and Rashmi Samani a/k/a Falguni Samani, and Premier Bank (collectively "the parties") and move pursuant to 21 U.S.C. § 853(e)(1)(A) and Federal Rule of Criminal Procedure 32.2(b)(7), for an order authorizing the immediate interlocutory sale of the subject property commonly known as 1110 Fork Crook Road S., Bellevue, Nebraska 68005 and legally described as:

Those portion of Lot 1, in TWIN RIDGE II, an Addition to the City of Bellevue, as surveyed, platted and recorded, in Sarpy County, Nebraska, known as Tax Lot 1 B2B1, more particularly described as follows:

Beginning at the Southeast corner of Tax Lot 1 B2B2 on the Westerly right-of-way line on frontage road lying on the West side of Highway 73-75; thence Southerly, on the Westerly right-of-way line of said frontage road, a distance of 155.94 feet, more or less, to the Southeast corner of Tax Lot 1 B2B1; thence Westerly, along the South line of Tax Lot 1 B2B1, a distance

of 365.32 feet, more or less, to the Southwest corner thereof; thence Northerly, along the West line of Tax Lot 1 B2B1, a distance of 155.90 feet, more or less, to its point of intersection with the South line of Tax Lot 1 B2B2, projected Westward; thence Easterly, on the South line of Tax Lot 1 B2B2, and said line projected Westward, a distance of 366.99 feet, more or less, to the Point of Beginning;

Together with that part of said Lot 1 more particularly described as follows: Beginning at the Southwest corner of Tax Lot 1 B2B2; thence Westerly, on the South line of Tax Lot 1 B2B2, projected West, a distance of 150.09 feet, more or less, to the West line of Tax Lot 1 B2B1; thence Northerly, on said West line, a distance of 136.91 feet, to the South right-of-way line of Lloyd Street; thence Easterly, on said right-of-way line, a distance of 150.03 feet, more or less, to the Northwest corner of Tax Lot 1 B2B2; thence Southerly, along the West line of Tax Lot 1 B2B2, a distance of 136.91 feet, to the Point of Beginning;

And,

That part of Lot 1, in TWIN RIDGE II, an Addition to the City of Bellevue, as surveyed, platted and recorded, in Sarpy County, Nebraska, known as Tax Lots 1 B1 Band 1 B2A2, more particularly described as follows:

Beginning at the Northeastern most corner of Tax Lot 1 B2A, said point being on the South right-of-way line of Lloyd Street a distance of 510.42 feet, more or less, West of the center line of Highway 73-75; thence Southerly, along the East side of said Tax Lot 1 B2A, a distance of 293 feet,

    more or less, to the Southwest corner of Tax Lot 1 B2B1; thence Westerly, on the Southerly line of Tax Lot 1 B2B1, projected Westward, a distance of 256.55 feet, more or less, to its point of intersection with the Westerly line of Tax Lot 1 B1; hence Northerly, on said Westerly line a distance of 293 feet, more or less, to the Southerly right-of-way line of Lloyd Street; thence Easterly, on said Southerly right-of-way line, a distance of 256. 55 feet, more or less, to the Point of Beginning.

(the subject property). In support of this motion, the government states:

    1.    The subject property is owned by Bapaji Maharaj, LLC, a Nebraska limited liability company.

    2.    Defendants, KETANKUMAR CHAUDHARI a/k/a KEN and RASHMI SAMANI a/k/a FALGUNI SAMANI, are the sole members of Bapaji Maharaj, LLC.

    3.    On August 19, 2025, an Indictment was filed in this case (Filing No. 67), charging Defendants with three counts of violating 18 U.S.C. §§ 1591(a) and 2, four counts of violating 21 U.S.C. 856(a)(2), three counts of violating 18 U.S.C. §§ 1594(b) and 1581(a), one count of violating 8 U.S.C. § 1324(a)(I)(A)(v)(I), seven counts of violating 8 U.S.C. § 1324(a)(l)(A)(iii), four counts of violating 8 U.S.C. § 1324(a)(l)(A)(ii), one count of violating 18 U.S.C. § 357, and one count of violating 18 U.S.C. §§ 1546(a) and 2.

    4.    The subject property is listed in the Forfeiture Allegation of the Indictment and is subject to forfeiture as proceeds of the charged offenses.

    5.    The Defendants, KETANKUMAR CHAUDHARI a/k/a KEN AND RASHMI SAMANI a/k/a FALGUNI SAMANI, as the sole members of Bapaji Maharaj, LLC, hereby consent to the private sale of the subject property and that the proceeds of the sale be applied as

set forth below.

**Subject Property**

The subject property is referenced in the Forfeiture Allegation of the Indictment at page 22, paragraph c, and some or all of the subject property is subject to forfeiture if the United States obtains convictions against Defendants. The United States previously filed a *lis pendens* that has created a cloud on the title of the subject property.

The following Deed of Trust are recorded on the subject property:

1. Deed of Trust ("Deed of Trust") in the original principal amount of $2,043,750.00 recorded on March 10, 2023, with the Sarpy County, Nebraska Register of Deeds as Instrument No. 2023-03714. Premier Bank is the beneficiary under this Deed of Trust.

   Premier Bank, as the beneficiary of the loan secured by the Deed of Trust has reported that the Deed of Trust loan is in default.

The subject property has past due property taxes in the amount of $36,648.23. The subject property is vacant and at-risk for break-ins and vandalism.

The United States will not actively participate in the sale of the subject property, including the escrow process. However, the parties agree that any proposed sale needs to be approved by the United States Attorney's Office for the District of Nebraska, the Federal Bureau of Investigation, and Premier Bank to confirm the proposed sales contract is reasonable and the sale represents fair market value. Ordinarily, an offer to purchase requires an acceptance within 3 to 5 business days. Accordingly, the sellers' agents, Dami Oluyole and Pat Green and Grant Edmunds of Hospitality & Commercial Brokers shall promptly email all offers to the United States

Attorney's Office for the District of Nebraska, the Federal Bureau of Investigation, and Premier Bank to a person within each agency and Premier Bank to be identified by the government and Premier Bank after the entry of this Order. The United States Attorney's Office for the District of Nebraska, the Federal Bureau of Investigation, and Premier Bank shall respond promptly with its approval or rejection of each offer however, if the District of Nebraska, the Federal Bureau of Investigation, and Premier Bank do not respond within 5 business days, then Bapaji Maharaj, LLC will have sole discretion whether or not to accept the offer. After approval of the sale and as part of the escrow, the United States agrees to dismiss its *lis pendens* filed on the subject property. From the proceeds of sale, the escrow company that conducts the closing may deduct ordinary expenses incident to closing, including the payment of taxes, commissions, and liens as discussed in more detail *infra*. The balance of the sales price, net of the foregoing expenses, shall be transferred to the United States Marshals Service for retention in the Seized Asset Deposit Fund where it shall serve as substitute res in lieu of the subject property.

**Legal Standard**

Pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, "the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." In addition, Rule G(7)(b)(i) of the Federal Rules of Civil Procedure states that the court has the authority to order the interlocutory sale of property subject to forfeiture if the Court finds that: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause. The Court also has authority to enter an interlocutory sale order under 21 U.S.C. § 853(e)(1),

which authorizes the court to "take any ... action to preserve the availability of property" subject to forfeiture.

In order to maximize the value that can be obtained for the subject property, for the benefit of all parties, and to minimize the amount of interest and ongoing fees and taxes accumulating, the United States and Defendants, KETANKUMAR CHAUDHARI a/k/a KEN and RASHMI SAMANI a/k/a FALGUNI SAMANI believe it is in the best interest of all parties to allow a private sale of the subject property to take place, using a licensed real estate broker, and have the net proceeds, after payment of the expenses and secured debt identified below, deposited in the United States Marshals Service's Seized Asset Deposit Fund.

The net proceeds will consist of all funds generated by the sale of the subject property after the payment of customary and ordinary closing costs, including all realtor's fees and/or commissions not to exceed six percent (6%) of the gross sale price, all amounts due and owing under the Deed of Trust as specified below. The following amounts owed on the Deed of Trust will be paid to Premier Bank from the gross proceeds from the sale of the subject property:

1. Unpaid principal balance of $1,962,386.86.
2. Interest of $30,005.51 up until October 30, 2025, and $381.5752 per day until the date of closing;
3. Legal Fees not to exceed $10,000.00;
4. Reconveyance Recording Fee of $33.00.
5. Assignment of Rents Release Fee of $21.00; and
6. UCC Termination Fee (Register of Deeds) of $15.00.

The net proceeds shall then be deposited in an interest-bearing account controlled by the United States Marshals Service and shall stand as substitute *res* for the subject property until final

disposition of this case. Upon receipt of the net proceeds, the United States shall make no further claim against the subject property. Any and all claims to, arising from, or secured by, the subject property shall, after the sale of the subject property, be applied to, and payable, if at all, solely from, the substitute *res*.

    WHEREFORE, the parties request an Order for Interlocutory Sale of the Subject Property identified as being subject to Forfeiture, and for Substitute Res and allowing the net proceeds resulting from such sale to be deposited in an interest-bearing account controlled by the United States Marshals Service.

                                              UNITED STATES OF AMERICA,
Plaintiff

LESLEY A. WOODS
United States Attorney

By:    s/ Kimberly C. Bunjer
        KIMBERLY C. BUNJER, #20962
        Assistant U.S. Attorney
        1620 Dodge Street, Suite 1400
        Omaha, NE  68102-1506
        Tel:  (402) 661-3700
        E-mail:  kim.bunjer@usdoj.gov


KETANKUMAR CHAUDHARI a/k/a KEN and RASHMI SAMANI a/k/a FALGUNI SAMANI

By:    s/ Damiola Oluyole
        DAMIOLA OLUYOLE, #25149
        Yole Law P.C., L.L.O.
        7930 Blondo Street, #100
        Omaha, Nebraska 68134
        Tel:  (402) 915-9360
        E-mail:  dammy@yolelaw.com

PREMIER BANK

By: s/ Michael F. Kivett
Michael F. Kivett, #16287
Walentine O'Toole, LLP
P.O. Box 540125
11240 Davenport Street
Omaha, Nebraska 68154
Tel: (402) 330-6300
E-mail: mfkivett@womglaw.com

CERTIFICATE OF SERVICE

    I, the undersigned, do hereby certify on November 10, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the Parties of record.

s/ Kimberly C. Bunjer
KIMBERLY C. BUNJER
Assistant U.S. Attorney